**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| CARIBBEAN TOWER SITES, LLC., <br><br> Demandante <br><br> vs. <br><br> BRIAN SAFREED, BLUE WAVE TECH CORP., <br><br> Demandados | CIVIL NÚM.: FPE 2013-0583 (402) <br><br> SOBRE: <br><br> ALEGADA APROPIACIÓN INDEBIDA DE SECRETOS COMERCIALES; INTERDICTO PRELIMINAR Y PERMANENTE; DAÑOS Y PERJUICIOS |

**CONTESTACIÓN A LA DEMANDA ENMENDADA**

**AL HONORABLE TRIBUNAL**:

**COMPARECE** el demandado, Brian Safreed ("Safreed"), a través de los abogados que suscriben y respetuosamente presenta su Contestación a la Demanda Enmendada como sigue:

**I.    PARTES**

1.    El párrafo 1 de la Demanda Enmendada se niega, sujeto a la información que se obtenga durante el descubrimiento de prueba.

2.    Se admite.

3.    Se admiten las alegaciones incluidas en las dos primeras oraciones del párrafo 3 de la Demanda Enmendada. Se niegan el resto de las alegaciones incluidas en dicho párrafo 3.

**II.    HECHOS**

4.    El párrafo 4 de la Demanda Enmendada se niega, sujeto a la información que se obtenga durante el descubrimiento de prueba. Además, las alegaciones del párrafo 4 tratan sobre una entidad identificada como InSite Wireless Group, LLC ("InSite Wireless" o "InSite"). Sin embargo, InSite ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada. Por lo tanto, las alegaciones concernientes a InSite son inoficiosas e irrelevantes.

5.    El párrafo 5 se niega, sujeto a la información que se obtenga durante el descubrimiento de prueba. Las alegaciones del párrafo 5 tratan sobre una entidad identificada como InSite Towers, LLC, la cual no es ni nunca ha sido parte en el presente

litigio. Por lo tanto, las alegaciones concernientes a InSite Towers, LLC son inoficiosas e irrelevantes.

6. La primera oración del párrafo 6 se niega. El resto de las alegaciones incluidas en dicho párrafo 6 se niega, sujeto a la información que se obtenga durante el descubrimiento de prueba. (Brian tells me that Caribbean did not even exist until 2008).

7. Se admite que Safreed realizó las funciones especificadas con los número 1, 2 y 3. Se niega que llevara a cabo las funciones identificadas con los números 4 y 5.

8. El párrafo 8 se niega, sujeto a la información que se obtenga durante el descubrimiento de prueba. Se alega, sin embargo, que la moratoria a que se refiere dicho párrafo comenzó en diciembre de 2008, no en 2009.

9. En cuanto a las alegaciones incluidas en el párrafo 9, las mismas se niegan según redactadas en dicho párrafo 9.

10. El párrafo 10 de la Demanda Enmendada es idéntico al párrafo 10 de la Demanda -la cual se presentó el 9 de agosto de 2013- e incluye en su primera oración alegaciones sobre un evento ocurrido el 12 de noviembre de 2013, que es una fecha futura a la fecha en que se presentó la Demanda. Por tanto, dicha primer oración se niega. El resto de las alegaciones del párrafo 10 se niegan, por ausencia de información y sujeto a lo que surja del descubrimiento de prueba. Dicho párrafo 10 incluye alegaciones concernientes a transacciones de una entidad identificada como InSite Wireless Group, LLC ("InSite Wireless" o "InSite"). Sin embargo, InSite ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada. Por lo tanto, las alegaciones concernientes a InSite son inoficiosas e irrelevantes.

11. El párrafo 11 se niega.

12. El párrafo 12 se niega.

13. Se admite.

14. Se niega. Se admite, sin embargo, que el señor Campbell le solicitó a Safreed cierta información luego de que Safreed terminara su relación profesional con Caribbean, que no es la que se especifica en dicho párrafo 14.

15. Se niega. Además, el párrafo 15 de la Demanda Enmendada incluye

2

alegaciones concernientes a una entidad identificada como InSite Wireless Group, LLC ("InSite Wireless" o "InSite"). Sin embargo, InSite ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada. Por lo tanto, las alegaciones concernientes a InSite son inoficiosas e irrelevantes.

16. Las alegaciones del párrafo 16 son impertinentes e irrelevantes a este litigio. InSite Wireless no tenía relación profesional alguna con el demandado compareciente Safreed. Además, InSite Wireless ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada. Ante ello, no se requiere una alegación responsiva por parte de Safreed. De requerirse, se niegan tales alegaciones.

17. Se admite, exceptoque se niega que TowerCo sea competidor de Insite Wireless. Además, la mención en el párrafo 17 de InSite es impertinente e irrelevante a este litigio. InSite Wireless no tenía relación profesional alguna con el demandado compareciente Safreed. Además, InSite Wireless ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada.

18. Se niega.

19. Se niega.

20. Se niega.

21. Se niega.

22. Se niega.

### III. PRIMERA CAUSA DE ACCIÓN

23-29. Se niegan todas las alegaciones incluidas en los párrafos 23, 24, 25, 26, 27, 28 y 29 de la Demanda Enmendada. Las mismas son primordialmente conclusiones de derecho, las cuales son erróneas y se apartan del derecho aplicable y de los hechos que se alegan en la Demanda Enmendada. El demandado Safreed no se apropió, ya sea debida o indebidamente, de secreto comercial alguno que perteneciera a la parte demandante. La información que la parte demandante alega que constituye secretos comerciales no le otorga ventaja competitiva alguna a la demandante Caribbean sobre otros competidores. Cualquier utilidad que tuvo tal información cesó antes de que Safreed terminara su relación profesional con Caribbean y con John Campbell. Safreed nunca ha contactado a

3

dueños de terrenos para la ubicación de torres de telecomunicaciones permanentes en detrimento de la parte demandante, ya que lo determinante es si existe la oportunidad de hacer negocios con las compañías de comunicaciones que tienen necesidad de tales torres, y la parte demandante no tiene al presente posibilidad alguna de hacer negocios con tales compañías para la ubicación de torres nuevas. Tales compañías le otorgaron derechos exclusivos para esas tareas a otras empresas, no a la parte demandante.

IV. **SEGUNDA CAUSA DE ACCIÓN**

30-34. Se niegan todas las alegaciones incluidas en los párrafos 30, 31, 32, 33 y 34 de la Demanda Enmendada. Las mismas son primordialmente conclusiones de derecho, las cuales son erróneas y se apartan del derecho aplicable y de los hechos que se alegan en la Demanda Enmendada. No se justificaba que se le otorgara a la parte demandante un remedio de interdicto provisional. La parte demandante no debe prevalecer en los méritos ni puede establecer que ha sufrido algún daño que justifique la concesión de un remedio extraordinario en equidad.

**V. TERCERA CAUSA DE ACCIÓN**

35-36. Se niegan todas las alegaciones incluidas en los párrafos 35 y 36 de la Demanda Enmendada. Las mismas son primordialmente conclusiones de derecho, las cuales son erróneas y se apartan del derecho aplicable y de los hechos que se alegan en la Demanda Enmendada. Las alegaciones en dichos párrafos versan sobre InSite Wireless, mas InSite Wireless no tenía ni tiene relación profesional alguna con el demandado compareciente Safreed. Además, InSite Wireless ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada. No se justifica en derecho que se le otorgue a la parte demandante un remedio de interdicto permanente. La parte demandante no debe prevalecer en los méritos ni puede establecer que ha sufrido algún daño que justifique la concesión de un remedio extraordinario en equidad.

**VI. CUARTA CAUSA DE ACCIÓN**

37-39. Se niegan todas las alegaciones incluidas en los párrafos 37, 38 y 39 de la Demanda Enmendada. Las mismas son primordialmente conclusiones de derecho, las cuales son erróneas y se apartan del derecho aplicable y de los hechos que se alegan en la

4

Demanda Enmendada. Las alegaciones en dichos párrafos versan sobre InSite Wireless, mas InSite Wireless no tenía ni tiene relación profesional alguna con el demandado compareciente Safreed. Además, InSite Wireless ya no es parte en este caso, pues no se le identifica como parte en la Demanda Enmendada. La parte demandante no ha sufrido daño alguno resarcible bajo el derecho puertorriqueño, por lo que su reclamación de daños es inmeritoria.

VII. **QUINTA CAUSA DE ACCIÓN**

40. Se admite que Safreed llevó a cabo las tareas que se especifican en el párrafo 40 de la Demanda Enmendada. Se niega el resto de las alegaciones, incluso las caracterizaciones de Safreed

como alegado "agente y mandatario a favor de Caribbean."

41. Se niega.

42. Se niega. No hubo contrato escrito alguno entre las partes; no hubo acuerdo verbal o escrito alguno entre las partes de no competencia; ni hubo acuerdo verbal o escrito alguno entre las partes de confidencialidad. De todas maneras, si hubo esos acuerdos o no es solamente relevante para determinar si la parte demadante tomó las medidas cautelares que exige la Ley Núm. 80 de 3 de junio de 2011. No es relevante para otros asuntos que plantea este litigio.

43. Se niega.

44. Se niega.

45. Se niega.

46. Se niega.

47. Se niega.

48. Se niega.

49. Se niega.

50. Se niega.

VIII. **SEXTA CAUSA DE ACCIÓN**

51. Se niega.

52. Se niega.

5

53. Se niega.

54. Se niega.

55. Se niega.

56. Se niega.

Se niega que la parte demandante tenga derecho a los remedios que solicita en la Demanda Enmendada, incluso en las páginas 15 a la 16 de dicha Demanda.

## DEFENSAS AFIRMATIVAS

La Demanda Enmendada no contiene alegaciones que justifiquen la concesión de remedio alguno a favor de la parte demandante.

La Demanda Enmendada es frívola.

Los tribunales de Puerto Rico no son el foro más conveniente para dilucidar el presente caso.

Se debe aplicar aquí la ley de las Islas Vírgenes estadounidenses, no la de Puerto Rico.

Los contactos dominantes están en Islas Vírgenes estadounidenses, no en Puerto Rico.

La parte demandante le solicitó a Safreed que recopilara información referente a potenciales lugares de ubicación de torres de telecomunicaciones exclusivamente en Islas Vírgenes, no en Puerto Rico. Los contratos de arrendamiento que Caribbean suscribió los hizo con dueños de terrenos ubicados en Islas Vírgenes. Cualquier competidor de Caribbean en este caso sería uno interesado en hacer negocios en Islas Vírgenes. La naturaleza de la información que Caribbean alega que es "secreto comercial" se refiere a ubicaciones de terrenos de Islas Vírgenes y a sus dueños.

El derecho sustantivo que deber ser aplicado en este caso es el de las Islas Vírgenes.

El foro más conveniente para adjudicar esta disputa sobre una controversia cuyos contactos dominantes están en las Islas Vírgenes y la cual se rige por el derecho de dicha jurisdicción, es el foro de las Islas Vírgenes.

La Demanda Enmendada se presentó con el propósito de hostigar al demandado y hacerle daño en lo personal y en lo profesional.

6

La disparidad financiera entre la parte demandante y su dueño John Campbell por un lado, y el demandado Safreed por el otro, es tan enorme que no se justifica que la parte demandante insista en el presente litigio.

No existe relación causal alguna entre la conducta que se le imputa a Safreed en la Demanda Enmendada y los daños que se alegan en tal Demanda.

La parte demandante no ha sufrido daños.

La conducta que la parte demandante le imputa a Safreed no tuvo, no tiene, ni tendrá efecto negativo alguno contra la parte demandante.

La parte demandante no tiene contrato alguno con compañías de telecomunicaciones como AT&T y otras para la ubicación y uso de nuevas torres de telecomunicaciones en las Isla Vírgenes estadounidenses ni para la instalación de torres permanentes de telecomunicaciones en las Isla Vírgenes estadounidenses.

La Ley Núm. 80 de 3 de junio de 2011 -"Ley Para la Protección de Secretos Comerciales e Industriales de Puerto Rico," 10 L.P.R.A. § 4131-4141 ("la Ley 80 " o "la Ley")- no tiene aplicación alguna al presente litigio.

Las alegaciones de la Demanda Enmendada no configuran causa de acción alguna al amparo de la Ley 80.

La Ley 80 no está diseñada para proteger la información que se alega en la Demanda Enmendada que constituye Secretos Comerciales.

La parte demandante no puede establecer que la información que se detalla en la Demanda Enmendada sea un Secreto Comercial (*Trade Secret*) bajo la Ley 80.

La definición Secreto Comercial (*Trade Secret*) de la Ley 80 no cubre la información que se detalla en la Demanda Enmendada.

Safreed no ha adquirido ni divulgado secreto comercial alguno de la parte demandante.

El demandado Safreed no se apropió, ya sea debida o indebidamente, de secreto comercial alguno que perteneciera a la parte demandante.

La parte demandante no tomó medida alguna para proteger la confidencialidad de la información que reclama en la Demanda Enmendada que es un secreto comercial.

7

La información que no se utiliza continuamente en la operación de un negocio no se considera secreto comercial. En el presente caso, la información que se aduce que es un secreto comercial o secretos comerciales se refiere a la identidad de los dueños de terrenos adecuados para ubicar determinadas torres de telecomunicaciones, mas una vez ejecutan los contratos de arrendamiento correspondientes con dichos dueños, la información no tiene utilidad alguna.

La información que la parte demandante alega que constituye secretos comerciales no le otorga ventaja competitiva alguna a la demandante Caribbean sobre otros competidores. Cualquier utilidad que tuvo tal información cesó antes de que Safreed terminara su relación profesional con Caribbean y con John Campbell.

Safreed nunca ha contactado a dueños de terrenos para la ubicación de torres de telecomunicaciones permanentes en detrimento de la parte demandante, ya que lo determinante es si existe la oportunidad de hacer negocios con las compañías de comunicaciones que tienen necesidad de tales torres, y la parte demandante no tiene al presente posibilidad alguna de hacer nuevo negocios con tales compañías para la ubicación de torres nuevas. Tales compañías le otorgaron derechos exclusivos para esas tareas a otras empresas, no a la parte demandante.

Safreed no incumplió acuerdo contractual alguno con la parte demandante.

**ANTE ELLO,** Safreed solicita que este Honorable Tribunal desestime en su totalidad la Demanda Enmendada.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, a 3 de marzo de 2014.

**CERTIFICAMOS:** Haber remitido copia fiel y exacta del presente escrito a: **Lcdo. Miguel J. Rodríguez Marxuach**; **Lcda. Mónica Echevarría**, Rodríguez Marxuach, PSC, PO Box 16636, San Juan, Puerto Rico 00908-663.

GONZÁLEZ CASTAÑER, PSC
128 Ave. F.D. Roosevelt, 2do Piso
San Juan, Puerto Rico 00918-2409
Tel: (787) 758-7819 / Fax: (787) 758-4152

_____

8

                                                **JOSÉ LUIS GONZÁLEZ CASTAÑER**
                                                Colegiado 9110 /RUA Núm. 7523
                                                jgonzalez@gcpsc.com


                                                _____
                                                **ROBERTO A. FERNÁNDEZ QUILES**
                                                Colegiado 10704 / RUA NÚM. 9409
                                                rfernandez@gcpsc.com